**David M. MUMFORD, Plaintiff,**

v.

**Joseph C. ZIEBA, et al., Defendants.**

**No. 1:90CV2243.**

United States District Court,
N.D. Ohio.

Sept. 28, 1995.

Dennis J. Niermann, Edward G. Kramer, Kramer & Niermann, Cleveland, OH, for plaintiff.

Richard O. Wuerth, Pamela I. Theodotou, Lane, Alton, & Horst, Columbus, OH, M. Robert Flanagan, Office of the Prosecuting Attorney, Elyria, OH, for defendants.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court on a motion by Defendants to dismiss Plaintiff's complaint. Plaintiff, David M. Mumford ("Mumford"), filed this action against Judge Joseph C. Zieba ("Judge Zieba") and the Lorain County Common Pleas Court, Domestic Relations Division ("County") under 42 U.S.C.

§ 1983 in which he alleges violations of the first and fourteenth amendments of the Constitution.

For the reasons set forth below, the Court finds that the allegations against Defendants are moot. Pursuant to Fed.R.Civ.P. 12(h)(3), the Court hereby dismisses Plaintiff's complaint without prejudice.

### I. Facts

Mumford served as a referee for the Domestic Relations Court from January 22, 1979 through January 3, 1989. Mumford was a registered democrat.

In 1988, Judge Zieba ran for Domestic Relations Judge against the incumbent, Judge Henry T. Webber. During this election, Mumford actively campaigned for Judge Webber. Judge Zieba defeated Judge Webber and took office on January 3, 1989.

On that same day, Judge Zieba terminated Mumford as well as several other employees. Mumford claims that the reason for his termination was his political activity in support of Judge Webber. Mumford asserts that such political motivations were an improper basis for his termination and were in violation of his first and fourteenth amendment rights. Mumford filed this action seeking reinstatement, back pay, declaratory and injunctive relief.

This case was before the Sixth Circuit Court of Appeals on the issue of whether Judge Zieba was entitled to qualified immunity. The Court extended such immunity to Judge Zieba upon a finding that the firing of a court referee was a discretionary function based upon a reasonable interpretation by Judge Zieba of the law at that time. *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir.1993). Further, the Court dismissed the claims against the Lorain County Common Pleas Court, Domestic Relations Division because a state court is not a "person" under 42 U.S.C. § 1983. *Id.* The Court ordered:

> "the case REMANDED to the district court for adjudication of the plaintiff's claim for injunctive and declaratory relief against Judge Zieba in his official capacity as Judge of the Lorain County Common Pleas Court. Moreover, plaintiff's claims

against Judge Zieba in his individual capacity and against the Lorain County Common Pleas Court are hereby DISMISSED."

*Id.* Thus, the only remaining claims are against Judge Zieba in his official capacity.

Since the Court of Appeals decision, Judge Zieba has retired from the bench. Judge David A. Basinski ("Judge Basinski"), the Administrative Judge for the Lorain County Domestic Relations Court, was substituted for Judge Zieba as the sole defendant on February 9, 1995.

■ Judge Basinski filed a Motion to Dismiss arguing that Mumford's claims are moot as Judge Zieba is no longer a Domestic Relations Judge nor a party to this action. Mumford opposes this motion and urges the Court to find that Judge Basinski was properly substituted for Judge Zieba.

### II. Law

Article III of the Constitution empowers the Court to hear true "cases and controversies." U.S. Const. art. III. Article III prohibits the Court from entertaining cases or issues which are moot. 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3533.

■ "The central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Id.* The critical changes in circumstances in the case at bar are Judge Zieba's retirement from the bench and the substitution of Judge Basinski for Judge Zieba as a party to this action. Thus, the issue is whether there are any remedies which are still available to Mumford against Judge Basinski.

#### A. Prospective/Injunctive Relief

The Supreme Court has held that even where there may have been prior discrimination by an office holder, "the issuance of prospective coercive relief against the successor to the office must rest, at a minimum, on supplemental findings of facts indicating that

the new officer will continue the practices of his predecessor." *Mayor of the City of Philadelphia v. Educational Equality League, et al.,* 415 U.S. 605, 622, 94 S.Ct. 1323, 1334, 39 L.Ed.2d 630 (1974). The Court agrees with Judge Basinski that there is nothing in the record which would indicate that he has or will continue Judge Zieba's hiring and firing practices of referees.

Plaintiff argues that Judge Basinski's deposition testimony indicated that he has been following Judge Zieba's policies. The Court finds that Judge Basinski's testimony is inconclusive on this issue. At a minimum, there are no supplemental findings which are sufficient to hold Judge Basinski liable for Judge Zieba's conduct.

Therefore, the Court finds that Mumford's claims for prospective relief such as an injunction or a declaratory judgment are moot.

B. Backpay and Attorneys Fees

 Mumford is also seeking backpay and attorneys fees against Judge Basinski in his official capacity. Such relief is really aimed at the County because the County is the true entity which will pay for this type of award. *Monell v. Department of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611 (1978) ("official-capacity suits generally only represent another was of pleading an action against an entity of which an officer is an agent...."). As Mumford acknowledges in his Response to this Motion, "Lorain County is the true remaining defendant...." (Response at p. 6.)

As discussed in Section I, the Court of Appeals has already dismissed the County as a defendant in this case. *Mumford v. Zieba,* 4 F.3d 429, 435 (6th Cir.1993). Therefore, the Court dismisses Mumford's request for backpay and attorneys fees as moot. To hold otherwise would negate the ruling of the Court of Appeals.

III. Conclusion

The Court finds that the changed circumstances in this case, specifically the substitution of Judge Basinski for Judge Zieba who is no longer on the bench, have rendered Mumford's claims moot. Under Article III of the Constitution, the Court does not have jurisdiction to hear this case. Pursuant to Fed.R.Civ.P. 12(h)(3), the Court must grant Defendant's Motion to Dismiss (Dkt. # 128).

**IT IS SO ORDERED.**

### JUDGMENT

This matter is before the Court upon a motion by Defendants to dismiss. For the reasons set forth in the attached Memorandum Opinion and Order which is incorporated herein by reference, the Court finds that Plaintiff's remaining claims are moot. Therefore, this Court does not have jurisdiction to hear this case.

Defendants' Motion to Dismiss (Dkt. # 128) is **GRANTED.** Plaintiff's complaint is **DISMISSED.**

**IT IS SO ORDERED.**